

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | Mag. Case No. **'08 MJ 8105** |
| Plaintiff, | ) | COMPLAINT FOR VIOLATION OF: |
| v. | ) | Title 8, U.S.C., Section 1324(a)(1)(A)(ii) |
| Arnulfo MACIAS-Garcia (1), | ) | Illegal Transportation of Aliens and |
| | ) | Title 18, U.S.C., Section 2, Aiding and |
| Manuel De JesusTAPETILLO-Ramirez (2) | ) | Abetting |
| Defendants | ) | |

The undersigned complainant, being duly sworn, states:

On or about February 3, 2008, within the Southern District of California, the defendants, Arnulfo MACIAS-Garcia and Manuel De Jesus TAPETILLO-Ramirez, with the intent to violate the immigration laws of the United States, knowing and in reckless disregard of the fact that aliens, Roberto HERNANDEZ-Ochoa, Carlos Alberto ALVEREZ-Zuniga and Martin Bernardino SANCHEZ-Rojas had come to, entered or remained in the United States in violation of law, did transport or move, said aliens within the United States in furtherance of such violation of law; in violation of Title 8, United States Code, Section 1324(a)(1)(A)(ii) and Title 18, U.S.C., Section 2, Aiding and Abetting.

And the complainant states that this complaint is based on the attached statement of facts which, is incorporated herein by reference.

MICHAEL MIKUSKI
Senior Border Patrol Agent

SWORN TO BEFORE AND SUBSCRIBED IN MY PRESENCE THIS 4th DAY OF FEBRUARY 2008.

PETER C. LEWIS
United States Magistrate Judge

UNITED STATES OF AMERICA
                v.
Arnulfo MACIAS-Garcia (1)
Manuel De Jesus TAPETILLO-Ramirez (2)

## STATEMENT OF FACTS

The complainant states that this complaint is based upon statements in the investigative reports by U.S. Border Patrol Agent S. Carter that on February 3, 2008, Arnulfo MACIAS-Garcia and Manuel De Jesus TAPETILLO-Ramirez, natives and citizens of Mexico, were apprehended near Calexico, California, along with five (5) other undocumented aliens from Mexico, in violation of law.

On February 3, 2008, at approximately 8:50 A.M., Agent Carter was operating the Calexico, California, U. S. Border Patrol Station's Remote Video Surveillance System (RVSS) and observed a group of individuals make an illegal entry into the United States by crossing the International Boundary with Mexico. Agent Carter reported his observations to agents in the area. Agents S. Sedano and Dahlstrom were able to observe the group coming north from the border area.

The agents were able to observe one individual, later identified as Manuel De Jesus TAPETILLO-Ramirez, guiding the group. The agents observed TAPETILLO making motions with his arms to the rest of the group. The agents observed when TAPETILLO would stop and lay down and the rest of the group would stop and do the same.

When the group stopped and hid near Highway 98, Agent Sedano observed a gray Isuzu Rodeo stop near the group. The group boarded the Rodeo and the driver, later identified as Arnulfo MACIAS-Garcia, drove away from the area. Agent Mills followed the Rodeo and using the emergency lights and sirens on his Border Patrol Vehicle attempted to stop the Rodeo. MACIAS failed to yield to Agent Mills. MACIAS drove down several roads in an attempt to evade the agents. An attempt to deploy a Controlled Tire Deflation Device was unsuccessful because MACIAS finally stopped the Rodeo approximately five yards short of the device. Agents approached the vehicle and identified themselves to the occupants. Agent Sedano and Mills observed MACIAS still in the driver's seat of the Rodeo and Agent Sedano questioned MACIAS. It was determined that MACIAS is a citizen of Mexico illegally in the United States.

Agent Dahlstrom questioned TAPETILLO and the other occupants and determined them to be citizens of Mexico illegally in the United States. MACIAS, TAPETILLO and the others were arrested and transported to the Calexico Border Patrol Station.

Agent Hernandez witnessed Agent Sedano read MACIAS his rights per Miranda. MACIAS stated he made arrangements with a smuggler in Mexico to illegally cross into the United States for the fee of $3,000.00. MACIAS stated he was threatened if he did not drive the vehicle he would not get his wife back. MACIAS stated the smuggler gave him the vehicle and a radio. MACIAS stated the smuggler showed him where he was to pick up the group. MACIAS stated when Border Patrol attempted to stop him he did not stop. MACIAS stated he was still behind the steering wheel when he was arrested. MACIAS stated he had been arrested one time before for smuggling and on that occasion the smuggler was holding his younger brother.

Record checks of MACIAS revealed MACIAS has been apprehended by the Border Patrol on sixteen (16) previous occasions and MACIAS has been removed on several prior occasions with having two separate A numbers associated with his name.

MACIAS was shown six-pack photo line-up number 2 and identified photo number 2, TAPETILLO, as the person who helped him in Mexico.

Agent Hernandez witnessed Agent Sedano read TAPETILLO his rights per Miranda. TAPETILLO stated he was in the back of the group but did move to the front as the group continued north towards the road. TAPETILLO stated he did not motion or tell anyone anything. TAPETILLO stated he was not involved in guiding the group and requested to keep Material Witnesses Carlos Alberto ALVEREZ-Zuniga and Roberto HERNANDEZ-Ochoa on his behalf.

Material Witnesses Roberto HERNANDEZ-Ochoa, Carlos Alberto ALVEREZ-Zuniga and Martin Bernardino SANCHEZ-Rojas all stated they are natives and citizens of Mexico illegally in the United States. HERNANDEZ, ALVEREZ and SANCHEZ stated arrangements were made in Mexico to be smuggled illegally into the United States and they were to pay between $1,800 to $2,200 to be smuggled. HERNANDEZ, ALVEREZ and SANCHEZ stated two smuggler took them across the border and one of them later returned to Mexico while the other continued to guide them north to the road. HERNANDEZ, ALVEREZ and SANCHEZ stated this smuggler told them

a gray vehicle was coming to pick them up. HERNANDEZ, ALVEREZ and SANCHEZ stated the driver was still behind the steering wheel when he was arrested.

    HERNANDEZ, ALVEREZ and SANCHEZ were shown photo line-up number one and identified photo number one, MACIAS, as the drive of the Rodeo. HERNANDEZ, ALVEREZ and SANCHEZ were shown photo line-up number 2 and identified photo number 2, TAPETILLO, as the foot guide that guided them north.

    The complainant states that the names of the Material Witnesses are as follows:

| NAME | PLACE OF BIRTH |
|---|---|
| Roberto HERNANDEZ-Ochoa | Mexico |
| Carlos Alberto ALVEREZ-Zuniga | Mexico |
| Martin Bernardino SANCHEZ-Rojas | Mexico |

    Further, complainant states that Roberto HERNANDEZ-Ochoa, Carlos Alberto ALVEREZ-Zuniga and Martin Bernardino SANCHEZ-Rojas are citizens of a country other than the United States; that said aliens have admitted that they are deportable; that their testimony is material, that it is impracticable to secure their attendance at the trial by subpoena; and they are material witnesses in relation to this criminal charge and should be held or admitted to bail pursuant to Title 18, United States Code, Section 3144.